IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ERIK TRAVERSA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA**<br><br>Case No. 2:15-cr-00044-CW<br><br>Judge Clark Waddoups |

This matter is before the court on Defendant David Erik Traversa's motion to withdraw his guilty plea. (Dkt. No. 24). The court held a hearing on the motion, and for the reasons stated, allows Mr. Traversa to withdraw his plea.

## BACKGROUND

Mr. Traversa entered into an 11(c)(1)(C) plea agreement for robbery in violation of 18 U.S.C. § 2113(a). The terms of the 11(c)(1)(C) agreement provide for a sentence of 96 months in prison. *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting the prosecution and defense to agree on a particular sentence or sentencing range, which the court is required to impose if the court accepts the agreement). At the time he entered into the 11(c)(1)(C) agreement, Mr. Traversa believed he faced a possible sentence under the United States Sentencing Guidelines (the Guidelines) of between 151 and 188 months in prison. This estimated sentence range was premised on Mr. Traversa's belief, after having consulted with counsel, that he would be designated as a career offender on the basis of two prior felony convictions for crimes of violence: a robbery in New York and a robbery in Utah.[1] *See* U.S.S.G. § 4B1.1 ("A defendant is a career offender if (1) the defendant

---

[1] The court notes that with respect to the New York conviction, although Mr. Traversa was convicted of two counts of third degree robbery, these convictions were not counted separately under the provisions of U.S.S.G.

was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense"); § 4B1.2 (defining a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"). At the change of plea hearing, the court accepted the guilty plea, but deferred acceptance of the 11(c)(1)(C) plea agreement pending preparation and review of a presentence investigation report (PSR). *See* Fed. R. Crim. P. 11(c)(3)(A); *see also United States v. Hyde*, 520 U.S. 670, 674 (1997) (recognizing that "[g]uilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time"); *United States v. Byrum*, 567 F.3d 1255, 1262 (10th Cir. 2009) (same).

After the change of plea hearing but prior to sentencing, the Supreme Court issued *Johnson v. United States*, ___U.S.___, 135 S. Ct. 2551 (2015), a decision that has arguable relevance to the definition of violent crimes for the purpose of the Guidelines' career offender enhancement. Accordingly, Mr. Traversa filed the instant motion to withdraw his plea, contending that the *Johnson* decision calls into question whether he can be classified as a career offender and claiming he would not have agreed to the 96-month sentence contained in the 11(c)(1)(C) agreement if he had known that he could potentially challenge the imposition of the career offender enhancement. Without deciding whether the career offender enhancement should ultimately apply to

---

§ 4A1.1(a), (b), or (c). Thus, they count as only one prior felony conviction for the purposes of § 4B1.1. *See* U.S.S.G. § 4B1.2(c)(2), § 4A1.2 (a)(2); *see e.g.*, *United States v. Ellis*, 525 F.3d 960, 965 (10th Cir. 2008) ("Under USSG § 4B1.2(c)(2) a defendant has two prior felony convictions only if the sentences for the two convictions are counted separately.").

Mr. Traversa, the court finds he should be permitted to withdraw his guilty plea.

## ANALYSIS

Federal Rule of Criminal Procedure 11, which sets forth procedures for pleas and plea agreements, describes three instances in which a defendant may withdraw from a previously tendered guilty plea. First, Rule 11(d)(1) provides that "before the court accepts the plea," the defendant may withdraw "for any reason or no reason" at all. Second, if the court has already accepted the plea, Rule 11(d)(2)(B) permits the defendant to withdraw if he "show[s] a fair and just reason for requesting the withdrawal." Third, under Rule 11(d)(2)(A), the court must give the defendant an opportunity to withdraw his plea if the court rejects a Rule 11(c)(1)(C) plea agreement. In such a case, the defendant can withdraw his plea for any reason. *See* Fed. R. Crim. P. 11(c)(5); *Hyde*, 520 U.S. at 675–76.

In the instant case, there is no dispute that the court has accepted Mr. Traversa's guilty plea for the purposes of Rule 11. *See Byrum*, 567 F.3d at 1262 (holding that where a district court conducts a Rule 11 plea colloquy and then provisionally or conditionally accepts the defendant's guilty plea pending its review of the PSR, the district court has accepted the plea for the purposes of Rule 11). The court has not, however, accepted the 11(c)(1)(C) agreement. Thus, the court first considers whether Mr. Traversa has established a fair and just reason for requesting the plea withdrawal. *See, e.g.*, *id.* at 671 (holding that where a district court accepted his plea but deferred decision on whether to accept the plea agreement, a defendant may not withdraw his plea unless he shows a "fair and just reason" for doing so). The court then discusses whether it accepts or rejects the 11(c)(1)(C) agreement.

In assessing whether there exists fair and just reason for withdrawal, the court's inquiry is guided by several factors, including but not limited to: 1) whether the defendant has asserted his innocence, 2) prejudice to the government, 3) delay in filing the defendant's motion,

3

4) inconvenience to the court, 5) the defendant's assistance of counsel, 6) whether the plea is knowing and voluntary, and 7) whether withdrawal will result in a waste of judicial resources. *United States v. Gordon*, 4 F.3d 1567 (10th Cir. 1993). Because Mr. Traversa seeks to withdraw his plea prior to sentencing, withdrawal should be freely allowed in the interest of justice. *See United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014); *accord United States v. Hancock*, 607 F.2d 337, 338 n.2 (10th Cir. 1979) ("A motion to withdraw a guilty plea, when made prior to sentencing, should be freely allowed in the interest of justice, unless the prosecution will be substantially prejudiced thereby." (quoting 8A Moore's Federal Practice P. 32.07(2), at 109–11 (2d ed 1978)). Though not all of the *Gordon* factors apply to this case, the court finds that under the relevant factors and unique circumstances presented here, it is in the interests of fairness and justice to permit Mr. Traversa to withdraw his guilty plea.

To begin, Mr. Traversa did not delay in filing his motion. Rather, he promptly alerted the court and the government to the fact that he had questions about his career offender status in light of *Johnson*. In addition, there is no inconvenience to the court in permitting Mr. Traversa to withdraw his plea at this time, nor will withdrawal result in a waste of judicial resources. To the contrary, although the court has accepted Mr. Traversa's guilty plea, it has not yet determined whether to accept or reject the 11(c)(1)(C) plea agreement. Accordingly, it is appropriate at this stage of the proceedings to consider whether Mr. Traversa should be bound by the terms and sentence proscribed by the 11(c)(1)(C) agreement.

The court also finds it relevant that the government has pointed to no prejudice that will result from permitting Mr. Traversa to withdraw his plea at this time. And the unique facts of this case make the risk of prejudice to the government unlikely. Indeed, Mr. Traversa has represented that he ultimately wishes to enter a guilty plea; just not under the terms of the Rule 11(c)(1)(C) agreement. In essence, Mr. Traversa asks only for the opportunity to argue at sentencing that he

may not be a career offender in light of *Johnson*; an argument that was not available to him at the time he entered into the 11(c)(1)(C) agreement. Therefore, the only effect of permitting Mr. Traversa to withdraw his guilty plea will be that, rather than be bound by the terms of the 11(c)(1)(C) agreement, the court has the discretion to determine whether Mr. Traversa should be classified as a career offender and to impose an appropriate sentence accordingly. Given these facts, there is little risk of prejudice to the government. In contrast, limiting Mr. Traversa's ability to make the argument that he is not a career offender under *Johnson* will have a significant impact on Mr. Traversa's likely sentence. The court notes that in the absence of the career offender enhancement, Mr. Traversa's guideline range would appear to be between 37 and 46 months in prison. Thus, the 11(c)(1)(C)'s stipulated sentence of 96 months—although a dramatic reduction from Mr. Traversa's guideline range as enhanced—nevertheless represents a sentence significantly greater than Mr. Traversa's guideline range in the absence of the career offender enhancement.

Also weighing in favor of withdrawal is that there appears to be merit to Mr. Traversa's argument that *Johnson* calls into question whether he should be classified as a career offender. At the time Mr. Traversa entered his guilty plea, robbery in violation of both state and federal statutes was generally considered to be a violent crime for the purposes of § 4B1.1. But there was not a consensus about whether robbery was a violent crime under the Guidelines' elements clause, which provides that a felony is a qualifying crime of violence where it "has as an element the use, attempted use, or threatened use of physical force against the person of another," or under the residual clause, which provides that a felony is a qualifying crime of violence where it represents conduct that "presents a serious potential risk of physical injury to another." *Compare United States v. Prince*, 772 F.3d 1173, 1175 (9th Cir. 2014) (concluding that robbery defined by California law as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear" constituted a

5

crime of violence under the residual clause because it presents a serious risk of physical injury), *United States v. Hollins*, 514 F. App'x 264, 268 (3d Cir. 2013) (concluding that robbery in violation of Pennsylvania law did not satisfy the elements test but instead fell under § 4B1.2's residual clause); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) ("Under North Carolina law, common law robbery is defined as the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear. Although this offense does not necessarily have as an element the use, attempted use, or threatened use of physical force against the person of another . . . , it qualifies as a violent felony under the residual clause . . . ." (internal quotations, alterations, and citations omitted)), *and United States v. Tirrell*, 120 F.3d 670, 681 (7th Cir. 1997) (holding that unarmed robbery under Michigan law constituted a crime of violence because, "if a robbery is committed or attempted 'by force and violence, or by assault or putting in fear,' a serious potential risk of physical injury to another undoubtedly arises"), *with United States v. Obando-Landa*, 179 F. App'x 477, 480 (10th Cir. 2006) (holding that robbery in violation of New York law was categorically a crime of violence under the elements test for the purposes of U.S.S.G. § 2L1.2, where the statute prohibits "[f]orcibly steal[ing] property," and New York law further provides that "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person").

In *Johnson*, the Court held that a portion of the Armed Career Criminal Act (ACCA), which defined "violent crimes" as those that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2557. This portion of the ACCA mirrors the Guidelines' career offender enhancement's residual clause. *See* § 4B1.2. (defining a prior felony as a violent crime for the purposes of the enhancement where it "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Thus, to the

extent certain prior robbery convictions could be categorized as crimes of violence pursuant to § 4B1.2's residual clause, there now exists a compelling argument that any enhancement on this basis is unconstitutional. *See, e.g.*, *United States v. Litzy*, No. CR 3:15-00021, 2015 WL 5895199, at *7 (S.D.W. Va. Oct. 8, 2015) (collecting cases discussing *Johnson*'s effect on the career offender enhancement under the Guidelines); *cf. United States v. Goodwin*, ___ F. App'x ___, 2015 WL 5167789, at *3 & n.3 (10th Cir. Sept. 4, 2015) (assuming, based on the government's concession, that reliance on § 4B1.2(a)(2)'s residual clause in enhancing a defendant's sentence was error, but recognizing a circuit split on the issue of whether the void for vagueness doctrine can ever apply to Guidelines provisions).[2]

If, after *Johnson*, the residual clause cannot form the basis for a career offender enhancement under the Guidelines, enhancing Mr. Traversa's sentence is appropriate only if his crime of conviction and two prior robbery convictions satisfy the elements test; i.e., they have as an element "the use, attempted use, or threatened use of physical force against the person of another." *See* U.S.S.G. § 4B1.2.[3] In this context, the Supreme Court has interpreted the phrase "physical force" to require "*violent* force . . . capable of causing physical pain or injury to another person." *See Johnson v. United States*, 559 U.S. 133, 140 (2010). Considering Mr. Traversa's prior robbery

---

[2] Indeed, the government has conceded that *Johnson* applies to the Guidelines, (Dkt. No. 32, p. 3), and the United States Sentencing Commission has proposed amending the Guidelines in response to *Johnson*. U.S. Sentencing Commission, *Proposed Amendment to the Sentencing Guidelines (Preliminary)* (Aug. 7, 2015), http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20150807-RFP-Amendments.pdf.

[3] Contrary to the government's argument, where a robbery conviction could fail to satisfy the elements test, the commentary to § 4B1.2, which classifies robbery as a violent crime, does not control. *See, e.g.*, *United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011) (concluding that the district court erred when it considered a manslaughter conviction to be a crime of violence, despite the fact that the commentary to § 4B1.2 lists manslaughter as a violent crime, because Colorado's manslaughter statute involved only reckless conduct, which the Supreme Court had held to be insufficient to constitute a violent crime under the ACCA); *Litzy*, 2015 WL 5895199 at * 10 (concluding robbery under an Ohio statute did not constitute a violent crime, despite guidelines commentary listing robbery as a violent crime); *United States v. Swanson*, 502 F. Supp. 2d 563, 566 (W.D. Tex. 2007) (holding that a conviction for robbery in the second degree under Washington law was not a per se crime of violence, despite § 4B1.2's comments); *see also Stinson v. United States*, 508 U.S. 36, 43 (1993) (recognizing that where the commentary is inconsistent with the text of the Guidelines, the text of the Guidelines controls).

convictions, the court finds it debatable whether Utah's robbery statute—which forms the basis for one of Mr. Traversa's prior convictions necessary to classify him as a career offender—contains the required violent force element.[4]

Utah's robbery statute provides that a person commits robbery if "(a) the person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, by *means of force or fear*, and with a purpose or intent to deprive the person permanently or temporarily of the personal property; or (b) the person intentionally or knowingly uses *force or fear of immediate force* against another in the course of committing a theft or wrongful appropriation." Utah Code Ann. § 76-6-301 (emphasis added). Although it is not clear whether subsection (a) or (b) formed the basis for Mr. Traversa's prior conviction, comparison of the two illustrates that Utah's statute may not satisfy the elements test in every case.[5] Although clause (a) permits a robbery conviction if the state establishes the use of "force *or* fear," the statute does not define "fear" further. *Id.* In contrast, clause (b) permits a conviction for robbery on the basis of "force *or fear of immediate force*" in the course of committing a theft. *Id.* (emphasis added). And the government provides no authority interpreting the Utah statute in a way that would limit the required showing of "fear" to only the fear of violent physical force. For instance, perhaps under Utah law an individual could commit robbery by obtaining property through the use of a threat to burn down the victim's home. But such a threat would likely be insufficient to render the robbery a violent crime for the purposes of the

---

[4] Because the court concludes that questions exist regarding whether Mr. Traversa's Utah robbery conviction constitutes a crime of violence under the elements test, it need not address whether 18 U.S.C. § 2113 or the New York statute also satisfy the elements test.

[5] Notably, in *United States v. Garcia-Caraveo*, the Tenth Circuit specifically declined to consider whether a California statute, which defined robbery "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear," fit entirely within the definition of generic robbery in a way that would render it a crime of violence in all circumstances. 586 F.3d 1230, 1237 n.4 (10th Cir. 2009).

enhancement. *See, e.g.*, *Litzy*, 2015 WL 5895199, at *5 (holding that Ohio's robbery statute failed the elements test where it could encompass any sort of threat, not just a threat of violence to a person); *Carmichael*, 408 F. App'x at 770 (recognizing that a North Carolina statute that defines robbery as including the use of "force or fear" might not satisfy the elements test under the ACCA but falls instead under the residual clause); *cf. United States v. Coblentz*, 274 F. App'x 651, 654–55 (10th Cir. 2008) (rejecting argument that a conviction pursuant to an Indiana robbery statute was not a violent crime where it prohibited "knowingly or intentionally tak[ing] property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear," and the Indiana courts had determined that the fear necessary to sustain a robbery conviction is the fear of bodily harm).

  Likewise, the government has directed the court to no authority from which it can determine what level of force is required to satisfy either clause (a) or (b) of Utah's statute. Thus, it is unclear on this record whether the level of force necessary to sustain a robbery conviction in Utah would meet the Supreme Court's violent force requirement for the purposes of the enhancement. *See, e.g.*, *United States v. Castro-Vazquez*, ___ F.3d ___, 2015 WL 5172839, at *8 (1st Cir. Sept. 4, 2015) (holding that a Puerto Rico robbery statute that prohibited "unlawfully tak[ing] personal property belonging to another in the immediate presence of said person and against his/her will by means of violence or intimidation" is not a crime of violence because "intimidation" is defined under Puerto Rico law to include mere moral or psychological pressure, and "violence" is defined under Puerto Rico law to include the slightest use of force); *Litzy*, 2015 WL 5895199, at *5 (holding that the force element of an Ohio robbery statute was not sufficient to classify a robbery conviction as a crime of violence where robbery could be accomplished by merely snatching a purse or billfold from a victim's hand). For these reasons, the court believes there exists a colorable argument that Mr. Traversa may not be classified as a career offender after *Johnson*. The court is also convinced

Mr. Traversa would not have entered into the 11(c)(1)(C) agreement had he been aware of this potential avenue of argument. The interests of justice therefore weigh in favor of affording Mr. Traversa the opportunity to make this argument to the court so that the court can determine an appropriate sentence, rather than be bound by the terms of the Rule 11(c)(1)(C) agreement.

Finally, even if Mr. Traversa had not established good cause to withdraw his plea, these circumstances present the court with sufficient grounds to reject the 11(c)(1)(C) plea agreement. As illustrated by the discussion above, there exist significant questions regarding whether the career offender enhancement is appropriate in this case or whether Mr. Traversa's sentence, as enhanced, would be reasonable. Thus, even if the court did not permit Mr. Traversa to withdraw his guilty plea at this stage, Mr. Traversa would be permitted to withdraw his plea as a matter of right when the court exercised its discretion to reject the 11(c)(1)(C) plea agreement. This too weighs in favor of permitting Mr. Traversa to withdraw his plea at this time.

## **CONCLUSION**

Given all these considerations, the court finds that Mr. Traversa should be entitled to withdraw his guilty plea. Mr. Traversa's motion to withdraw (Dkt. No. 24) is GRANTED. In the alternative, the court rejects the 11(c)(1)(C) plea agreement and grants Mr. Traversa's request to withdraw his plea.

SO ORDERED this 2nd day of November, 2015.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge